UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE B.A.C. LOCAL 4 PENSION FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANNUITY FUND, TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, AND TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>*Plaintiffs*,<br><br>v.<br><br>DANAOS GROUP LLC,<br><br>*Defendant*. | Civil Action No. 18-15551<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court upon application by Plaintiffs Trustees of the B.A.C. Local 4 Pension Fund, Trustees of the New Jersey B.A.C. Annuity Fund, Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Fund, and Trustees of the International Masonry Institute (collectively "Plaintiffs") for an entry of default judgment against Defendant Danaos Group LLC ("Danaos" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 6. For the reasons set forth herein, Plaintiffs' Motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiffs are the employer and employee trustees of various labor-management trust funds (the "Funds"). Compl. ¶¶ 4–12. The Funds are organized and operated pursuant to trust

1

agreements and various collective bargaining agreements. Id. Defendant Danaos is a corporation organized and established under the laws of New Jersey with a principal place of business located in Fort Lee, New Jersey. Id. ¶ 10.

Danaos was party to a collective bargaining agreement (the "CBA") with the B.A.C. Administrative District Council of New Jersey (the "Union"). Id. ¶ 11. The CBA provided that Danaos would make specified contributions to the Funds, id. ¶ 12, and make its books and records open for verification, id. ¶ 13. An audit of Danaos' books and records (the "Audit") revealed that Danaos failed to make its required contributions to the Funds for the period of January 1, 2016 through December 31, 2016. Id. ¶ 14.

On November 1, 2018, Plaintiffs filed a complaint against Danaos in this Court. Compl. ¶ 1. The Complaint consists of one count against Defendant for delinquent contributions in violation of the Employee Retirement Income and Security Act ("ERISA") of 1974, 29 U.S.C. § 1145. Id. ¶¶ 17-18. Danaos has not responded to Plaintiffs' Complaint. Default was duly noticed by the Clerk of the Court against Danaos on December 12, 2018 for its failure to plead or otherwise defend this action. Docket Entry dated December 12, 2018. Plaintiffs now request that the Court enter default judgment against Danaos. ECF No. 6.

## II.     LEGAL STANDARD

The Court has the discretion to enter a default judgment, but a decision on the merits is preferred. Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008). Before entering a default judgment, the Court must determine: (1) whether there is sufficient proof of service; (2) whether a cause of action was sufficiently stated; and (3) whether default judgment is proper. Paniagua Grp., Inc. v. Hosp. Specialists, LLC, 183 F. Supp. 3d 591, 599 (D.N.J. 2016); Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin

Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). To determine whether a default judgment is proper, the Court must consider and make "explicit factual findings" on three factors: (1) whether the plaintiff will be prejudiced if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 537 (D.N.J. 2008). While the Court must accept the factual allegations of the Complaint as true, damages must be proved. DirecTV Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

## III. ANALYSIS

### A. Jurisdiction and Service

The Court has subject matter jurisdiction over this action pursuant to the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185; ERISA, 29 U.S.C. §§ 1132(e)(2) and (f); and as a federal question under 28 U.S.C. § 1331. Venue is proper in this district pursuant to 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(2).

The Court must first find that Danaos was properly served. Teamsters Health, 2012 WL 3018062, at *2. A corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing agent or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(2).

Defendant Danaos is a corporation. Compl. ¶ 10. The docket reflects that Danaos's managing agent accepted service on November 9, 2018. Pls.' Aff. of Service, ECF No. 4. Therefore, the Court finds that Defendant was properly served.

### B. Cause of Action

The Court must next find that Plaintiffs have stated a sufficient cause of action. Teamsters Health, 2012 WL 3018062, at *2. ERISA requires employers party to a CBA to make agreed upon

3

contributions "in accordance with the terms and conditions of such plan or such agreement." Id. (quoting 29 U.S.C. § 1145). Where an employer fails to contribute and judgment in favor of the plan is awarded, the award shall include unpaid contributions, interest thereon, an amount equal to the greater of either the interest on the unpaid contributions or liquidated damages provided for under the CBA not in excess of twenty percent, reasonable attorney's fees and costs, and other relief that the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Here, Plaintiffs assert a claim for delinquent contributions in violation of 29 U.S.C. § 1145. Compl. ¶¶ 17-18. Plaintiffs allege that Danaos was an employer bound at all relevant times by the CBA, id. ¶ 11, and that the CBA required Danaos to make specified contributions to the Funds for each hour of certain work within a specified geographical area, id. ¶ 20. Plaintiffs allege that the Audit uncovered a failure by Danaos to make agreed upon contributions between January 1, 2016 and December 21, 2016 totaling $6,944.05. Id. ¶¶ 14-15, 22. Plaintiffs further allege that the CBA binds Danaos to a collection policy that includes an interest on delinquent contributions at the rate of ten percent per annum for local funds, fifteen percent per annum for international funds, liquidated damages of twenty percent, and all attorneys' fees and costs. Crandall Decl. ¶ 9, ECF No. 8 (citing Exhibit E, Article II, at ¶ 6). Accordingly, the Court finds that Plaintiffs have stated a sufficient cause of action under ERISA.

### C. Whether Default Judgment is Proper

The Court must next examine whether default judgment is proper. Teamsters Health, 2012 WL 3018062, at *2. In making that determination, the Court will consider: (1) whether Plaintiffs will be prejudiced if default judgment is not granted; (2) whether Defendant has a meritorious defense; and (3) whether Defendant's delay was the result of culpable misconduct. Id. at *4. For the reasons discussed below, the Court finds that default judgment against Danaos is proper.

1. **Prejudice**

Prejudice will occur if a plaintiff has no other means to vindicate rights and recover damages. Int'l Union of Painters v. Andrews Window Servs. LLC, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). Where plaintiffs face unpaid benefits and delinquent contributions, continued delay in potential relief constitutes prejudice. Teamsters Health, 2012 WL 3018062, at *4; see Andrews Window, 2016 WL 3234516, at *3.

Here, Plaintiffs have properly brought suit against Defendant. ECF No. 1-4. After Danaos failed to plead or otherwise defend this action, Plaintiffs appropriately moved for default judgment. ECF No. 6. Without an order of default judgment, the contributions owed to Plaintiffs' Funds will remain delinquent, and Plaintiffs will have no other means of obtaining relief. See Teamsters Health, 2012 WL 3018062, at *4. Thus, the Court finds that Plaintiffs will be prejudiced without an order of default judgment against Danaos.

2. **Meritorious Defense**

A meritorious defense is a defense which would completely bar recovery. Teamsters Health, 2012 WL 3018062, at *4. Where a party fails to make an appearance, the Court cannot infer a defense. Id.; see also Serv. Emples. Int'l Union Local 32BJ, Dist. 36 v. ShamrockClean Inc., No. 17-5380, 2018 WL 1124270, at *2 (E.D. Pa. Feb. 26, 2018); Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration, No. 05-5879, 2006 U.S. Dist. LEXIS 92460, at *7 (D.N.J. Dec. 20, 2006). Still, the Court may assess the record to determine whether the claims asserted by a plaintiff are legally flawed. See U.S. Small Bus. Admin. v. Silver Creek Const. LLC, No. 13-6044, 2014 WL 3920489, at *5 (D.N.J. Aug. 11, 2014).

Here, Danaos has not responded to Plaintiffs' Complaint by answer or otherwise, nor has Danaos plead, appeared, or otherwise defended this action. ECF No. 6. Nonetheless, the Court has reviewed the record and determined that Plaintiffs' claims are not legally flawed. Accordingly, the Court finds that, for the purpose of entering default judgment, Danaos does not have a meritorious defense.

**3. Culpable Misconduct**

The Court may presume a defendant culpable if the defendant fails to answer, move, or otherwise respond in an action. Teamsters Health, 2012 WL 3018062, at *4 (citing Slover v. Live Universe, Inc., Civ. No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009)). However, the Court must first confirm that the defaulting party is not an infant or incompetent person, or a person in military service exempted from default judgment. Trs. of the N.J. B.A.C. Health Fund v. Bryant Caulking & Waterproofing, Inc., 2017 WL 784944, at *3 (D.N.J. Mar. 1, 2017) (citing Fed. R. Civ. P. 55(b)(2); see also 50 U.S.C.A. § 3931).

Danaos has failed to answer, move, or otherwise respond in this action. ECF No. 5. Additionally, because Danaos is a corporation, Compl. ¶ 10, they are not exempt from default judgment, see Bryant Caulking, 2017 WL 78499, at * 3. Thus, the Court finds that Danaos's failure to respond was the result of culpable misconduct.

**D. Damages**

Although the Court finds that default judgment against Danaos is appropriate, Plaintiffs are not automatically entitled to the damages in the pleadings. Harris v. Bennet, 746 F. App'x 91, 93 (3d Cir. 2018). Instead, Plaintiffs must prove that they are entitled to the specific damages they seek. Id. at 94.

Here, Plaintiffs have shown that Danaos was bound by the CBA, required to make contributions to the Funds for certain work within a specified geographical area, and that these contributions were not made for the period of January 1, 2016 through December 31, 2016. Compl. ¶¶ 11-14. Moreover, Plaintiffs have shown that the CBA binds Danaos to a collection policy that includes an interest on delinquent contributions at the rate of ten percent per annum for local funds, fifteen percent per annum for international funds, liquidated damages of twenty percent, and all attorneys' fees and costs. Crandall Decl. ¶ 9, ECF No. 8.

Accordingly, Plaintiffs have demonstrated that they are entitled to specific damages under ERISA. The Audit indicates that Danaos owed Plaintiffs $6,944.05 in principal contributions. Id. ¶¶ 10-11. The Audit also indicates that Danaos owed Plaintiffs $1,388.81 in liquidated damages, and interest through December 11, 2018 in the amount of $2,014.76.[1] Sgroi Decl. ¶ 9, ECF No. 9. The Funds incurred fees in the amount of $2,270.50. Id. ¶ 10.

Plaintiffs have also proven that attorneys' fees and costs, calculated by the number of hours expended on litigation multiplied by an hourly rate, total $1,570.50. Marimon Decl. ¶¶ 8-10, ECF No. 7. The Court finds the amount reasonable. See UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 290-92 (3d Cir. 2017) (holding that the lodestar calculation applies to entries of default judgment).

## IV. CONCLUSION

For the reasons stated above, Plaintiffs Motion for Default Judgment, ECF No. 6, is **GRANTED**. The Court awards damages in the amount of $14,188.62.

---

[1] To the extent Plaintiffs seek to recover interest accrued from the date the Motion was filed to the date of this Opinion and accompanying Order, Plaintiffs may file a supplemental request with the Court setting forth the calculation within thirty days, by or before August 30, 2019.

Dated: July 31, 2019

                                                ___*/s Madeline Cox Arleo*_____
                                                **Hon. Madeline Cox Arleo**
                                                **UNITED STATES DISTRICT JUDGE**